CARL N. BYERS, Judge pro tempore.
 

 The plaintiff appealed from the defendant’s Order No. VL 79-60, denying a tax exemption on real property identified as Account No. 1046588. Pursuant to stipulation, the issue of valuation will be reserved. The sole issue presented to this court is the propriety of the defendant’s denial of the property tax exemption.
 

 On September 1, 1976, the Lane County Department of General Services invited food service firms to submit bids for a food service operation at the Lane County Public Service Building (Exhibit A). The plaintiffs bid proposal was accepted and the plaintiff and Lane County entered into a "Lease Agreement” on December 14, 1976 (Exhibit B).
 

 The plaintiff began its food service operation on February 11, 1977, and on May 13, 1977, the Lane County Assessor’s Office sent to the Lane County Land Department a "Notice of Intention to Deny Exemption” of the cafeteria part of the building. The subject property was placed on the assessment rolls for Lane County on July 19, 1977. The plaintiff was notified of this action on August 5, 1977.
 

 The plaintiff requested a hearing before the defendant and now appeals to this court alleging that the defendant’s denial of exempt status for the county-owned subject property was wrongful because timely notice of the action was not given to the plaintiff and that the plaintiff was not a lessee of the subject property.
 

 Concerning the issue of "notice,” ORS 311.209 (1975 Replacement Part) provides:
 

 "Notice shall be given to the person claiming to own the property or occupying it or in possession thereof of the assessor’s intention to add the property to the assessment or tax roll * *
 

 
 *[452]
 
 The plaintiff contends that it should have been given notice at the same time that the County Land Department was notified (May 13, 1977), because the plaintiff occupied the premises. The plaintiff alleges that the intent of the legislature was to insure that adequate notice be given to all interested parties and that the assessor cannot satisfy the notice requirement by singling out only one of the three foregoing classifications. The plaintiff contends that the failure of the assessor to give the requisite notice to the plaintiff precludes the addition of the subject property to the assessment rolls.
 

 In construing the statute, words of common use are to be given their natural, plain and obvious meaning rather than any curious, narrow or hidden sense.
 
 State ex rel Nilsen v. Ore. Motor Ass’n,
 
 248 Or 133, 432 P2d 512 (1967);
 
 Oregon Oyster Co. v. Dept. of Rev.,
 
 7 OTR 308 (1978);
 
 Eastern Ore. Farming Co. et al v. Dept. of Rev.,
 
 7 OTR 74 (1977);
 
 Portland Gen. Elec. Co. v. Dept. of Rev.,
 
 7 OTR 33 (1977);
 
 State Finance Co. et al v. Dept. of Rev.,
 
 5 OTR 651 (1974).
 

 The legislature employed the disjunctive "or” in describing those persons entitled to notice as mandated by ORS 311.209.
 

 "* * * the person claiming to own the property
 
 or
 
 occupying it
 
 or
 
 in possession thereof * * (Emphasis supplied.)
 

 This requirement is clear and unambiguous. Notice was given to the owner of the subject property and therefore the notice required by ORS 311.209 was fulfilled.
 

 The second issue to be resolved is the legal relationship which exists between.the plaintiff and Lane County. The plaintiff asserts that it is a mere licensee without a possessory interest in the subject property, while the defendant alleges that the plaintiff is a lessee with a possessory leasehold interest.
 

 ORS 307.110(1) provides:
 

 "* * * all real and personal property of this state or
 
 *[453]
 
 any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple * * * shall be subject to assessment and taxation for the true cash value thereof uniformly with real property of nonexempt ownerships.”
 

 The plaintiff points out that Exhibits A and B, documents setting forth the respective rights and obligations of the parties, make numerous references to the plaintiff as the "concessionaire” or "contractor.” The plaintiff notes that page 1 of Exhibit B grants the "use of” a specific area attendant to its performance of its duties.
 

 The plaintiff contends that "use” versus "exclusive possession” distinguishes a license from a lease and the plaintiff alleges that the intent of the "Lease Agreement” was to permit the plaintiff merely to use the facility in order to carry out its management function for the benefit of the county. The plaintiff points out the extensive restrictions placed on the use of the property by the county, some of which are control of the menu, size of portions to be sold, prices to be charged, the location of vending machines to be installed and the wage scale of employees. (Exhibit B).
 

 In addition, the plaintiff states that the county controls not only the restaurant design in terms of sale but such items as hamburger size and number of pickles placed on the hamburger (Exhibit A). The plaintiff concludes that in view of the numerous restrictions on use that "exclusive possession” was not granted plaintiff but merely a license to "use” the property was permitted.
 

 The defendant contends that the agreement between the plaintiff and the county contained the three essential elements of a lease: (1) a description of the premises, (2) a provision for rent and (3) a specified term. The defendant admits that the ultimate test is whether the plaintiff has sufficient control over the premises to fulfill the requirement of "possession.”
 

 
 *[454]
 
 An examination of the evidence revealed that the "Lease Agreement” (Exhibit B) between the plaintiff and the county contains the three elements of description (page 1), rent (page 6) and term (page 6).
 

 "As a general rule, a license is considered to be personal and not transferable by the licensee.” 51 Am Jur2d 11,
 
 Licenses and Permits
 
 § 3 (1970). In the instant case, the plaintiff is specifically prohibited from assigning, transferring or disposing of the lease without the written consent of the county (Exhibit B, 9). This indicates that the parties contemplated a lease. Such a prohibition would be unnecessary if the intent of the agreement was to bestow a license.
 

 "To create a leasehold interest the lessee must be granted the right of possession. A license is a revocable privilege to use land in the possession of another.”
 
 Sproul et al v. Gilbert et al,
 
 226 Or 392, 403, 359 P2d 543, 549 (1961).
 

 "License” unlike "lease” conveys no estate in the affected property and is generally revocable at will without notice.
 
 Strandholm v. Barbey,
 
 145 Or 427, 26 P2d 46 (1934). In contrast, the subject lease allows termination only upon nonconformance with the covenants and requires a minimum of a 30-day notice to the plaintiff (Exhibit B, 9).
 

 No particular words, technical or otherwise, are necessary to constitute a lease. If the instrument grants exclusive possession or control of the premises, although the use be restricted by reservations, the instrument will be considered a "lease,” not a "license.”
 
 Barnett v. Lincoln,
 
 162 Wa 613, 615, 299 P 392, 394 (1931).
 

 The plaintiff alleges that the restrictive conditions imposed by the "lease agreement” prevent the plaintiff from having exclusive possession of the premises and that it only has a license to use the premises. In response, the court quotes a statement made in
 
 Sproul et al v. Gilbert et al, supra,
 
 at 405:
 

 
 *[455]
 
 "* * * There is no exact judicial gauge which, can be set against the facts to prove our conclusions [regarding a possessory interest] with mathematical precision. The exclusiveness of one’s occupancy is a matter of degree.
 

 * * *99
 

 The evidence shows that the county regulates the operating hours of the cafeteria, the plaintiff’s menus and the prices to be charged. Conditions are imposed on the plaintiff to pay employees the prevailing wage for comparable work in Lane County and the agreement requires plaintiff’s operation to be consistent with county policies, procedures and standards (Exhibit B). However, if the agreed-upon restrictions are observed, the plaintiff is entitled to possession of the premises even against the owner. In the event that a covenant is broken by the plaintiff, the county must give a 30-day notice of termination before taking possession of the premises.
 

 Research indicates that restrictions of similar "degree” to those imposed on the plaintiff have proved to be no obstacle to the creation of a possessory interest denoting a lessee.
 
 Ore Summer Hm. Owners v. Johnson,
 
 265 Or 544, 510 P2d 344 (1973);
 
 Sprout et al v. Gilbert et al, supra; Tipton et al v. Dept. of Rev.,
 
 8 OTR Adv Sh 201, (1979);
 
 R.L.K. and Co. v. Commission,
 
 1 OTR 584 (1964);
 
 Mattson v. County of Contra Costa,
 
 258 Cal App2d 205, 65 Cal Rptr 646 (1968).
 

 "'Thus, every restriction contained in plaintiffs’ leases have [sic] been weighed expressly or by implication, by this [tax] court and the Oregon Supreme Court and found insufficient to destroy the possessory character of the interest created by the "lease”.’ ”
 
 Tipton et al v. Dept. of Rev., supra,
 
 at 204. The plaintiff is found to possess a leasehold interest, therefore the subject property was properly assessed and taxed under ORS 307.110.
 

 The order of the Department of Revenue is sustained. The defendant is entitled to its costs.