# IN THE OREGON TAX COURT

LEE et al, Deceased

*v.*

DEPARTMENT OF REVENUE

(TC 1794)

Stanley E. Erickson, Erickson, Wilson, Wolf and Smitke, Tualatin, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 9, 1984.

### SAMUEL B. STEWART, Judge.

The plaintiffs appealed from defendant's Order No. I 82-30 determining that the plaintiff owed Oregon personal income tax for 1976 in the amount of $506, plus the statutory interest. This deficiency resulted from the defendant's disallowance of certain deductions claimed by the plaintiffs as business expenses.

The plaintiffs owned a condominium unit at the Inn at Otter Crest in Lincoln County. The plaintiffs entered into a joint venture with other unit owners whereby the units were to be rented to the general public by an agent. Paragraph 8 of the agreement governing the joint venture provided that if an owner's unit was rented and he wished to use the facilities, the

agent would provide him with a comparable unit for a "reasonable daily charge" to cover costs of occupancy.

■    The relevant portions of the Internal Revenue Code § 280A (1954) provide:

"(a)    General rule.

"* * * in the case of a taxpayer who is an individual * * *, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

"* * * * *

"(d)    Use as residence.

"(1)    * * * a taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit * * * for personal purposes for a number of days which exceeds the greater of—

"(A)    14 days, or

"(B)    10 percent of the ·number of days during such calendar year for which such unit is rented at a fair rental.

"For purposes of subparagraph (B), a unit shall not be treated as rented at a fair rental for any day for which it is used for personal purposes.

"(2)    * * * the taxpayer shall be deemed to have used a dwelling unit for personal purposes for a day if, for any part of such day, the unit is used—

"* * * * *

"(B)    by any individual who uses the unit under an arrangement which enables the taxpayer to use some other dwelling unit * * *."

By enacting IRC § 280A (1954) Congress attempted to establish definitive rules on the extent to which personal use of vacation property would result in the disallowance of certain deductions. Congress was concerned that taxpayers were converting personal expenditures related to a vacation home into business deductions merely by renting it for a time and then characterizing the vacation home as a depreciable asset. *William B. Buchholz,* Tax Ct Mem (P-H) ¶ 83,378 (1983).

The plaintiffs personally used their unit for 10 days during 1976. Their unit was used for 21 days by another unit

owner, a Mr. Harpster, who was not able to use his own unit because it was rented. The defendant contends that the use of the plaintiffs' unit by Mr. Harpster should be attributed to the plaintiffs as days of personal use.

The plaintiffs charged that the defendant's interpretation of IRC § 280A(d)(2)(B) (1954) was inaccurate. This section ascribes "personal use" to a taxpayer if the unit is used "by any individual who uses the unit under an arrangement which enables the taxpayer to use some other dwelling unit."

The plaintiffs state that the agreement governing the joint venture did not allow the plaintiffs to use another dwelling unit when Mr. Harpster was in their unit, that if plaintiffs had desired to use their own unit during Mr. Harpster's occupancy, Mr. Harpster would have been placed in another comparable unit.

It is not necessary to determine if the unit was occupied under a reciprocal agreement because IRC § 280A(d)(2)(C) (1954) deems it the taxpayer's personal use when the unit is used "by any individual * * * unless for such day the dwelling unit is rented for a rental which, under the facts and circumstances, is fair rental."

Paragraph 8 of the agreement clearly states that an owner may occupy his unit or a substitute unit for a reasonable charge designed to cover the basic costs of occupancy. No claim has been advanced that this charge is the equivalent of "fair rental" or the equivalent of the rental charged the general public.

The court in *Fine v. United States,* 647 F2d 763 (7th Cir 1981), 47 AFTR2d 81-1478, defined "fair rental" as "fair market value" and held that a condominium unit was not rented at fair rental on days that it was not rented to guests, even though its owner received a percentage of the rentals under a rental pool agreement.

IRC § 280A(d)(2)(C) (1954) is unambiguous. If any individual uses a dwelling for less than fair rental, that use is deemed to be personal use by the taxpayer-owner. In construing a statute, words of common usage are given their natural, plain and obvious meaning. *Perez v. State Farm Mutual Ins. Co.,* 289 Or 295, 613 P2d 32 (1982); *Kalishman v. Dept. of Rev.,*

8 OTR 440 (1980); and *Canteen Company of Oregon v. Dept. of Rev.,* 8 OTR 450 (1980).

The plaintiffs used their unit for 10 days. Mr. Harpster used plaintiffs' unit for 21 days for a rental that was not "fair rental"; therefore, the plaintiffs are deemed to have had 31 days of personal use of their unit in 1976. The unit was rented 163 days in 1976. The plaintiffs' personal use exceeded both "14 days" and "10 percent of the number of days during such calendar year for which such unit is rented at a fair rental." Thus, IRC § 280A (1954) mandates that no deduction shall be allowed.

Therefore, the defendant's Opinion and Order No. I 82-30 is hereby affirmed. Costs to the defendant.