IN THE TAX COURT OF THE
STATE OF OREGON

OREGON COAST AQUARIUM

*v.*

DEPARTMENT OF REVENUE

(TC 4113)

Dennis Bartoldus, Newport, represented Plaintiff.

Rochelle Nedeau, Assistant Attorney General, Department of Revenue, Salem, represented Defendant (department).

Decision for Defendant rendered January 20, 1998.

### CARL N. BYERS, Judge.

Plaintiff appeals the denial of a property tax exemption on a portion of its aquarium property for the 1996-97 tax

year. The area in question is used for restaurant purposes by a for-profit corporation under a concession agreement.

Plaintiff is a nonprofit corporation which qualifies as a charitable or scientific organization under ORS 307.130.[1] Plaintiff leases land from the Port of Newport (Port), a governmental agency, on which it has constructed a large aquarium and two parking lots. The aquarium consists of both indoor and outdoor displays, restrooms, staff areas, and a "food service area." The food service area contains a kitchen and a dining area with a cafeteria-type counter for self-service. Plaintiff entered into a concession agreement with Fine Host Corporation (FHC), a for-profit corporation, to provide food service for aquarium visitors, staff, and guests. FHC has exclusive rights for all food service, including vending and confection services, throughout the aquarium and its parking lots.

Upon completion of construction in 1992, Plaintiff applied for and received property tax exemption for all of the aquarium property. However, in 1996 the assessor determined that the food service area did not qualify for property tax exemption. This determination was appealed by Plaintiff to the Department of Revenue, which upheld the decision of the assessor. Plaintiff then appealed to this court.

The disparate positions of the parties resulted in a trial, even though the basic facts are not in dispute. Plaintiff contends that the food service area qualifies for exemption under ORS 307.130 as long as its use is reasonably necessary to accomplish Plaintiff's exempt purposes. Defendant contends that leased property must qualify on its own merits under ORS 307.166, the specific applicable statute.

■     Generally, property tax exemptions consider the nature of the organization and the use of the property. Usually, the organization must be a nonprofit organization whose purposes benefit the public. Similarly, the property sought to be exempt must be used to accomplish those purposes. These requirements are evident in the statute under which Plaintiff claims its exemption. ORS 307.130(1) provides, in part:

---

[1] All references to the Oregon Revised Statutes are to 1995.

"Upon compliance with ORS 307.162, the following property *owned or being purchased* by incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(a) Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions." (Emphasis added.)

■ Because this statute is applicable only to property "owned or being purchased" by the organization, it is not applicable to the subject leased property. The legislature has specifically addressed property that is leased from or to an exempt organization. ORS 307.110 makes publicly owned property which is leased to a taxable owner subject to taxation. ORS 307.166 provides that if property owned by an exempt organization is leased to another exempt organization, it will remain exempt if used for exempt purposes (and other requirements are met). The relevant provision of ORS 307.166 reads:

"(1) If property is owned or being purchased by an institution, organization or public body, and if the institution, organization or public body is one granted exemption or the right to claim exemption for any of its property under a provision of law contained in this chapter, and such institution, organization or public body leases or otherwise grants the use and possession of such property to another institution, organization or public body likewise granted exemption or the right to claim exemption for any of its property under a provision of law contained in this chapter, such property is exempt from taxation if used by the lessee or possessor in the manner, if any, required by law for the exemption of property owned or being purchased by it and the rent charged does not exceed the cost of repairs, maintenance, amortization and upkeep. *Likewise, if the lessee or grantee of the use and possession in turn subleases or otherwise grants the use and possession of the property to a third institution, organization or public body of the kind described in this subsection, such property is exempt if the use and rent meet the conditions required by this subsection for lessees and grantees.*" (Emphasis added.)

The above-quoted statute is specific and applicable to the instant facts. Plaintiff leases the subject property from

the Port. Therefore, for the property to be exempt, it must qualify under ORS 307.166. In examining that statute, the first issue to address is whether Plaintiff "subleases or otherwise grants the use and possession" of the food service area to FHC. If it does, then the questions become: (1) Is FHC a qualifying organization? (2) Is its use a qualifying use? and (3) Is the rent limited as required by the statute?

Two sections of the concession agreement specifically address FHC's rights concerning the food service area. Section 8.1 states:

"**Occupancy and Enjoyment of Food Service Premises**. So long as Fine Host does not materially breach this Agreement or detrimentally interfere with Oregon Coast's operation of the Aquarium, Oregon Coast will permit Fine Host to occupy and enjoy the Aquarium Cafe without hindrance or molestation from Oregon Coast or any other person claiming by, from, or under Oregon Coast." (Emphasis in original.)

Section 8.3 states:

"**Nature of Use**. Fine Host shall have the right to lease and occupy the Aquarium Cafe and to obtain access to other areas of the Aquarium's premises only for the purposes set forth herein." (Emphasis in original.)

The rights described by these provisions, and the actual operation described at trial, are similar to the facts in *Canteen Company of Oregon v. Dept. of Rev.*, 8 OTR 450 (1980). There, this court found that a similar arrangement constituted a lease for purposes of determining whether the property was exempt. ORS 307.166 does not require a lease, but mere "use and possession." This test seems related to the "occupy and exclusively use" test of ORS 307.130. An exempt organization must "occupy and exclusively use" all of the property. If it has granted control and use of a portion of the property to another organization, then that other organization must qualify for exemption on its own merits. The court finds that Plaintiff has granted FHC sufficient use and possession of the food service area to require FHC to comply with ORS 307.166.

The only remaining question is whether FHC is a qualifying charitable or scientific organization. Clearly it is

not. FHC is a for-profit corporation organized and operated for private benefit. A for-profit organization does not qualify for exemption regardless of whether its activities complement or are necessary to accomplish the exempt organization's purposes.

Plaintiff contends that using the area for food service, a use which is reasonably necessary for Plaintiff to accomplish its exempt purposes, qualifies the property without regard to the conditions of ORS 307.166. In making this argument, Plaintiff ignores the fact that use by FHC is not use by Plaintiff. The primary use Plaintiff makes of the food service area is to rent it to FHC for a profit. In addition, the rent Plaintiff receives exceeds the limits on rent imposed by ORS 307.166.

Plaintiff suggests that because Plaintiff's lease is for 80 years and the total rent for that period is only $1, plus other consideration as found in the terms of the lease, in reality Plaintiff should be viewed as owning the property. Without passing on Plaintiff's arguments with regard to substance over form, even if Plaintiff owned the property, use and possession by a for-profit corporation disqualifies the food service area from property tax exemption.

In summary, by granting FHC possession, control and use of the food service area, that area does not qualify for property tax exemption under either ORS 307.130 or ORS 307.166. Accordingly, the department's Opinion and Order No. 96-6039 must be sustained. Costs to neither party.