IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

REBECCA L. SARIO                      )
and HARRY L. ROBNETT,                 )
                                      )
           Plaintiffs,                )      TC-MD 230304R
                                      )
      v.                              )
                                      )
DEPARTMENT OF REVENUE,                )
State of Oregon,                      )
                                      )
           Defendant.                 )      **DECISION**

Plaintiffs appealed Defendant's Notice of Assessment, dated May 4, 2021, for the 2018

tax year, as well as two Notices of Assessment dated March 31, 2023, for the 2019 and 2020 tax

years. The issues presented are (1) whether Plaintiffs are entitled to depreciation deductions

under Internal Revenue Code (IRC) section 167 for the 2018, 2019, and 2020 tax years; and (2)

determination of the amount of net gain for a property Plaintiffs sold in 2020. The court finds

that Plaintiffs were not entitled to depreciation deductions because their properties were not held

for the production of income. However, the court finds that Plaintiffs are entitled to an

adjustment from the 2020 Notice of Assessment regarding the gain on sale of their property.

Trial was held October 11, 2023, in the courtroom of the Oregon Tax Court. Rebecca

Sario appeared and testified on behalf of Plaintiffs. Michelle Warren, Auditor Supervisor,

appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 11 and Defendant's

Exhibits A to I and L were received into evidence.

/ / /

/ / /

/ / /

## I.  STATEMENT OF FACTS

A.     *Depreciation on Plaintiffs' Properties*

Plaintiffs owned two single-family residences in Klamath Falls, Oregon, referred to as the Washington Street property and the Hillside Avenue property.  Plaintiffs reported the properties as rentals on their tax returns and claimed depreciation deductions for all of the years at issue.

1.     *Washington Street property*

The Washington Street property includes a main living area consisting of 2,297 square feet and a basement area of 762 square feet.  The basement contains two bedrooms, a bathroom, a storage room, and a "cool room."  (Ptfs' Ex 4 at 1.)

In mid-2018, Plaintiffs moved to the Washington Street property with their adult son Patrick.  Plaintiffs occupied the main living area, while Patrick resided in the basement.  Due to Patrick's disability, low income, and receipt of Social Security benefits, he applied for housing assistance and for a reasonable accommodation to live with his parents through the Klamath Housing Authority (KHA).  (Ptfs' Ex 2 at 2.)

On May 30, 2018, KHA issued a "rent reasonableness certification," determining that Patrick's $300 monthly rent was below the fair market rent of $576 for "shared housing." Patrick signed a rental agreement effective June 1, 2018, under which KHA would pay $79 per month, leaving $221 as the family's portion of the rent.  (Ptfs' Ex 2 at 1; Ptfs' Ex 3 at 1.) Adjustments were made in subsequent years, with KHA revising its contributions and Patrick's portion.  (Ptfs' Ex 3 at 3.)

2.     *Hillside Avenue property*

Plaintiffs purchased the Hillside Avenue property in 1987 for $65,000.  The property includes an upper living area of 1,065 square feet, and a lower level with one bedroom totaling

727 square feet. (Ptfs' Ex 4 at 1.) Patrick rented the lower level, and Plaintiffs resided in the upper level until they moved to the Washington Street property. Sario testified that Plaintiffs intended to make the Hillside Avenue property their retirement home.

In 2018, Plaintiffs began repairing and rehabilitating the property. However, when Robnett unexpectedly lost his job, they decided to sell the property. Although they placed a "for rent" sign in the window, Plaintiffs acknowledged the property could not be rented due to ongoing construction. They listed the property for sale in spring 2019.

Plaintiffs provided 43 pages of receipts totaling $107,671.01 for repairs and improvements to the Hillside Avenue property. (Ptfs' Ex 6.) After adjustments for duplicates, purchase of cash cards, and unrelated items, the court finds that $87,318 of these expenses were related to construction. Plaintiffs sold the Hillside Avenue property for $250,000 in December 2020.

B.    *Plaintiffs' Tax Returns*

On their 2018 tax return, Plaintiffs reported both properties as rentals. They claimed $5,531 in gross rent and $37,578 in expenses for the Washington Street property and reported $1,168 in gross rent and $16,176 in expenses for the Hillside Avenue property. (Def's Ex A-5.) They reported the Washington Street property as available for rent for 365 days and the Hillside Avenue property for 165 days.

For 2019, Plaintiffs initially reported $4,200 in gross rent and $13,750 in expenses for the Washington Street property, while reporting zero rent and $8,978 in expenses for the Hillside Avenue property. (Def's Ex B-3.) On an amended return, they revised the Washington Street's property expenses to $11,052. (Def's Ex B-8.)

/ / /

In 2020, Plaintiffs reported $4,200 in gross rent and $10,799 in expenses for the Washington Street property and zero gross rent and $8,159 in expenses for the Hillside Avenue property. (Def's Ex B-3.) They also reported the sale of the Hillside Avenue property in December 2020, claiming $47,768 in capital gain on Form 1040. (Def's Ex C-1.) Their Form 4797 (Sale of Business Property) did not match their capital gain figures reported. (Def's Ex C-6 to C-8.) Plaintiffs claimed current year depreciation for the Hillside Avenue property and did not add back $21,754 in depreciation taken over the life of the property in calculating their gain.

C.    *The Audit*

1.    *2018 tax year*

The auditor denied all rental losses for the Washington Street property, citing that the rent charged for the basement was below fair market value. (Def's Ex D-3.) Additionally, the auditor found that deductions represented expenses for the house as a whole (*e.g.*, entire mortgage expense) and not just the rented basement. Further, Plaintiffs reported moving into the house in September 2018, so the auditor treated the expenses as personal. (*Id.*) Lastly, the auditor found Plaintiffs had not substantiated their expenses. (Def's Ex D-4.)

For the Hillside Avenue property, the auditor denied all expenses due to lack of substantiation and reclassified rental income and expenses as ordinary income and Schedule A itemized deductions. (Def's Ex D-5.) The auditor also reduced Plaintiffs' passive activity loss carryover to zero, eliminated qualified medical subtraction as a consequence of the increase to the adjusted gross income and changed their total deductions to be itemized. Those issues were not directly challenged here. (Def's Ex D-6.)

/ / /

/ / /

2. *2019 tax year*

The auditor adjusted Plaintiffs' loss carryover due to the adjustments made to their 2018 return. She moved rental income of $4,200 from Schedule E (rental property) to Schedule 1 as ordinary income and denied all rental expenses. (Def's Ex E-3.) These changes impacted Adjusted Gross Income (AGI) sensitive Schedule A deductions, causing the auditor to apply the larger itemized deductions instead of the standard deduction. (Def's Ex E-3,4.)

3. *2020 tax year*

The auditor adjusted the amount of gain from the sale of the Hillside Avenue property. Plaintiffs reported a property purchase of $65,000. (Def's Ex F-3.) The auditor found that Plaintiffs did not substantiate the $110,596 basis figure Plaintiffs reported on their return. The property was sold for $250,000. Plaintiffs reported a gain of $47,174 on Form 4797, but the auditor did not find substantiation for repairs and improvements to the property. (Def's Ex F-3,4.) Additionally, the auditor added back prior depreciation, and arrived at a gain of $206,754. (Def's Ex F-4.)

As occurred for the 2019 tax year, the auditor disallowed all Schedule E expenses due to lack of substantiation and moved rental income of $4,200 to Schedule 1 as ordinary income. (Def's Ex F-5.) Once again, rental loss carry-over from the prior years was denied. These changes affected other deductions with limitations based on Plaintiffs' AGI. (Def's Ex F-6.)

## II. ANALYSIS

The court must determine whether Plaintiffs are entitled to depreciation deductions for the Washington Street and Hillside Avenue properties and calculate the correct net gain from the sale of the Hillside Avenue property. To begin the analysis of these issues, the court observes Oregon's income tax system generally mirrors federal tax provisions unless there are explicit

modifications, additions, or subtractions which are not applicable here. ORS 316.048.[1] Under

IRC section 162(a), a taxpayer may deduct "ordinary and necessary expenses paid or incurred

during the taxable year in carrying on any trade or business[.]" Taxpayers must maintain records

to substantiate their claimed income and deductions. *See* IRC § 6001; Treas Reg § 1.6001–1(a).

Deductions are considered a "matter of legislative grace" and the burden of proof rests on the

taxpayer claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039,

117 L Ed 2d 226 (1992); ORS 305.427.

Taxpayers may take depreciation deductions for property held for the production of

income under IRC section 167, which recognizes the exhaustion and wear and tear of property.

*Olsen v. Comm'r,* 121 TCM (CCH) 2021-41 (2021), 2021 WL 1259727 at *8 (US Tax Ct). To

qualify, taxpayers must demonstrate a profit motive and provide evidence of the property's use

for income-producing purposes during the tax year. *Lee v. Dept. of Rev.*, 9 OTR 447, 449

(1984). Under IRC section 280A, a property is presumed to be used for personal purposes unless

it is rented at fair market value.

A.     *Depreciation Deduction*

       1.     *Washington Street property*

Plaintiffs argue that the basement portion of the Washington Street property, rented to

their son for $300 per month, represented fair market rent as determined by the KHA, under the

federal Section 8 program. Defendant contends the rent charged was below fair market rent and

asserts that the property was not held for the production of income. Additionally, Defendant

notes that the remainder of the property served as Plaintiffs' primary residence, making it

ineligible for depreciation deductions.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

Under IRC section 280A, portions of a property used as a personal residence cannot be depreciated. Although Plaintiffs argue that KHA's determination of reasonable rent supports their claim, the KHA approval document on its face determined fair market rent as $576 per month. Plaintiffs provided no additional evidence to substantiate their assertion that $300 per month constituted fair market rent. Charging rent below market value undermines the claim of income-producing activity. *Jasionowski v. Comm'r,* 66 TC 312, 322 (1976).

Based on the evidence, the court finds Plaintiffs are not entitled to depreciation deductions for the Washington Street property because the rent charged for the basement was below fair market value, and the property served primarily as their personal residence.

2. *Hillside Avenue property*

Plaintiffs assert they rented the Hillside Avenue property until early 2018 and made substantial improvements, arguing this supports their right to deduction depreciations. However, it is the taxpayer's efforts to rent property that are indicative of whether it was treated as a business that would raise the possibility of deducting depreciation. *See Newcombe v. Comm'r of Internal Rev.,* 54 TC 1298, 1300 (1970); *see also Robinson v. Comm'r,* 2 TC 305, 307 (1943). In this case, Plaintiffs sole advertising effort consisted of placing a "for rent" sign in a window of the Hillside Avenue property. Minimal advertising, without broader public outreach or professional property management, does not demonstrate diligent or bona fide efforts to rent the property. *Godard v. Dept. of Rev.,* TC-MD 210354N, 2022 WL 1043982 at *5 (finding that limited advertising to friends and family did not constitute diligent and bona fide efforts to rent the property).

Additionally, Plaintiffs acknowledged that construction made it impracticable to rent the property. Thus, the court finds that Plaintiffs did not adequately demonstrate the property was a

rental business. Accordingly, Defendant's denial of depreciation deductions for the Hillside Avenue property was appropriate.

B.    *Net Profit for Sale of Hillside Avenue*

To calculated the gain from selling the Hillside Avenue property, the court subtracts the property's cost basis – which includes purchase costs, improvement expenses, and any prior depreciation – from the sale price, as outlined in IRC section 1001.

Plaintiffs purchased the property for $65,000 and sold it for $250,000 in 2020. They substantiated $87,319 in improvement expenses but provided no evidence for additional improvements or expense claimed in prior years. Additionally, on their 2020 tax return, Plaintiffs failed to add back $21,754 in prior depreciation, which is a necessary step in calculating the cost basis used to determine gain. IRC § 1016. The court calculates the gain on the sale of Hillside Avenue as $250,000 (sales price) less the cost basis ($65,000 + $21,754 = $130,564), for a net gain of $119,436.

### III.  CONCLUSION

The court finds that Plaintiffs are not entitled to depreciation deductions for their two properties, during the tax years at issue, because they failed to demonstrate that the properties were used for income-producing purposes. However, Plaintiffs are entitled to an adjustment in the calculation of net gain from the sale of the Hillside Avenue property.

Defendant must reconsider, in light of the adjustment made on the gain on sale for the Hillside Avenue property, whether it should readjust the AGI sensitive deductions that were denied in the Notices of Assessments dated May 4, 2021, and March 31, 2023.

/ / /

/ / /

Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted in part and denied in part, as detailed above.

_____
RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Richard Davis and entered on January 10, 2025.***