IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

PATRICIA L. HESCOCK,                      )
                                          )
              Plaintiff,                  )       TC-MD 240668R
                                          )
       v.                                 )
                                          )
DEPARTMENT OF REVENUE,                    )
State of Oregon,                          )
                                          )
              Defendant.                  )       **DECISION**

Plaintiff appeals Defendant's Notice of Deficiency for the 2019 tax year, resulting from

Defendant's audit of Plaintiff's personal income tax return.[1]  Plaintiff challenges Defendant's

determination that a portion of her home was not rented at fair market value, leading to the

disallowance of rental expenses.  A trial was held on August 20, 2025, in the courtroom of the

Oregon Tax Court.  Plaintiff was represented by her tax preparer, Salem Opeifa, who testified on

her behalf.  Defendant was represented by its auditors, Morgan Brown and Fadi Abouadas, both

of whom testified on behalf of Defendant.  Defendant's Exhibits A through Q were received

without objection.  Plaintiff did not submit exhibits.

## I.  STATEMENT OF FACTS

During the tax year at issue, Plaintiff owned a single-family home in Salem, Oregon

(subject property).  The subject property has four bedrooms and one bathroom and is

approximately 2,030 square feet.  (Def's Open Stat at 2; Def's Ex M at 3.)  Plaintiff purchased

the subject property intending it as her personal residence.  (Def's Ex E at 4.)  However, because

her job required frequent travel, Plaintiff began renting approximately one-half of the split-level

---

[1] The parties reached an agreement before trial on Plaintiff's appeal of Defendant's Notice of Deficiency
for the 2020 tax year.

DECISION  TC-MD 240668R                                                                           1

home to her daughter in 2018; the rented portion included two bedrooms. (*Id*.) For the first three months of 2019, Plaintiff claims she received approximately $600 per month in rent from her daughter. (Def's Ex D at 1.) The parties agree that half of the subject property was rented during the first three months of 2019. Plaintiff did not provide a written rental agreement. (Def's Open Stat at 2.)

At some point during the year, Plaintiff's daughter allowed additional occupants to live at the subject property without Plaintiff's consent, and water damage occurred. (Def's Ex Q.) During the last six months of the year, all occupants were evicted so that repairs could be made. (Def's Ex G at 1.) Plaintiff's bank statements indicate she received four insurance payments in 2019 for the damage, totaling $22,721.56.[2] Per a letter from Plaintiff's insurer, "[t]his claim was in relation to water damage in the kitchen. * * * The insurance also covered lost rent, and mitigation services to dry the home * * * [but] did not cover to replace any of the plumbing which was leaking that originally caused the damage." (Def's Ex Q).

Repair receipts submitted by Plaintiff include $9,550 for sewer replacement (Def's Ex H) and $15,370 for cabinet replacement, countertop replacement and other repairs. (Def's Ex I.) Defendant submitted an exhibit detailing points of agreement and disagreement between the parties. (Def's Ex D; *see also* Def's Open Stat at 2.) In it, Defendant claims Plaintiff stated that the insurance company reimbursed her $600 per month in rent for the last six months of the year. (Def's Ex D at 1.) At trial, Plaintiff's representative did not speculate how much of the reimbursement was for lost rent, only that a portion of it was.

---

[2] Defendant states insurance payments totaled $22,502. Plaintiff's bank statements show the following deposits identified by Defendant as insurance payments: $1,338.81 on July 16, 2019; $169.40 on August 23, 2019; $13,213.35 on September 4, 2019; and $8,000 on December 28, 2019. (Def's Ex L.) Defendant erroneously stated the first deposit was $1,118.81 (*see, e.g.*, Def's Open Stat at 2), which appears so account for the discrepancy.

Defendant audited Plaintiff's 2019 Oregon tax return for Schedule E rentals and denied most of the rental expenses under Internal Revenue Code (IRC) section 280A due to its determination that the subject property was not rented at fair market value. (*See* Def's Ex E at 3, 4.) In response to Plaintiff's written objection, Defendant issued a Written Objection Determination that increased Plaintiff's Schedule E rents from $22,502 to $26,909 to include insurance proceeds for lost rent.[3] (Def's Ex G at 1.) Defendant allowed "half of [the] expenses documented for the last half of 2019[.]" (*Id.*)

Defendant determined fair market rents for the tax year at issue to be $1,750 for a three-bedroom house and $930 for a studio apartment. (Def's Open Stat at 2; Def's Ex D at 1; Def's Ex S at 5.) According to Defendant, the 40th percentile rate for the U.S. Department of Housing and Urban Development (HUD) fair rental amount for 3-bedroom rentals sharing the property's zip code was $1,608. (Def's Ex E at 4; *see also* Def's Ex S.) At trial, Defendant conceded that it "appears to have erred in plaintiff's favor allowing 3 months at fair rent for purposes of allowing any documented expenses paid by Plaintiff." (Def's Open Stat at 2.)

## II. ANALYSIS

The issue in this case is whether Plaintiff's property was rented at fair market value during the tax year at issue to allow Plaintiff to deduct rental expenses in the calculation of her taxable income. As the party seeking affirmative relief, Plaintiff bears the burden of proof in this appeal. ORS 305.427.[4]

Oregon's income tax system generally mirrors federal tax provisions unless there are explicit modifications, additions, or subtractions which are not applicable here. ORS 316.048.

---

[3] The audit had originally allowed $4,407 in rent. (Def's Ex C at 5.)

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

Under IRC section 162(a), taxpayers may deduct "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]"[5] Deductions are a "matter of legislative grace," and taxpayers bear the burden of substantiating income and deductions with sufficient records. ORS 305.427; IRC § 6001; Treas Reg § 1.6001–1(a); *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). Under IRC section 280A, property used as a taxpayer's residence is presumed to be used for personal purposes—and thus ineligible for business-related deductions—unless it is rented at fair market value. IRC § 280A(d)(2)(C). Where a taxpayer rents property at below market rate—for instance, to a family member or close friend—courts typically conclude that such rentals are not conducted with a profit motive. *See, e.*g., *Jasionowski v. Comm'r*, 66 TC 312 (1976) (disallowing loss deduction for property leased below market to a family friend); *Eisenstein v. Comm'r*, 37 TCM (CCH) 441 (1978) (limiting rental expenses to the extent of rental income under IRC section 183 because taxpayer rented condo to parents at below market rate).

Under the framework described above, the court must determine whether Plaintiff rented her property at fair market value. Fair market value is determined by comparable rental prices and by the particular "facts and circumstances." IRC § 280A(d)(2)(C). Defendant argues the subject property was rented below fair market value.

Plaintiff collected $600 per month in rent during the first three months of 2019. She also received $22,721.56 in insurance distributions, part of which was reimbursement for lost rent. However, it is unclear how much Plaintiff's insurance reimbursed her for lost rent, and the court has no way of determining this amount based on the evidence presented. The only evidence of

---

[5] The court's references to the IRC are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.

the payments are deposits shown on Plaintiff's bank statement and a letter from Plaintiff's insurance carrier. Neither indicate how much was allocated to rent. Plaintiff's insurer stated that insurance did not cover plumbing replacement. Therefore, it does not appear that the $22,721.56 included the $9,550 sewer replacement. Subtracting the $15,370 for cabinet and countertop replacement would leave $7,351.56 for lost rent. However, this would be speculative. Plaintiff submitted no exhibits at trial, and Plaintiff's lone witness—her tax preparer—did not offer a specific amount in his testimony. Defendant claims Plaintiff stated that the insurance company reimbursed her $600 per month in rent for six months. Even accepting this as true, $600 was below market rent for the subject property. As this court has stated, "IRC § 280A(d)(2)(C)[] is unambiguous. If any individual uses a dwelling for less than fair rental, that use is deemed to be personal use by the taxpayer-owner." *Lee v. Dept. of Rev.*, 9 OTR 447, 449 (1984). Defendant's assessment of $26,909 as rental income appears inflated given the evidence (rent $600 per month; insurance reimbursements largely for repairs). However, under ORS 305.427, Plaintiff bears the burden of proof and provided no documentation to rebut Defendant's calculation. Courts cannot speculate or reconstruct amounts without evidence. Therefore, Plaintiff's appeal must be denied.

///

///

///

///

///

///

///

### III. CONCLUSION

After careful consideration, the court finds that Plaintiff did not charge fair market rent for the subject property and, as such, may not deduct rental expenses. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2019 tax year is denied.

_____

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.***

***This Decision was signed by Magistrate Richard D. Davis and entered on February 2, 2026.***